IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HERMAN LEWIS BILLUPS,**

      Petitioner,

v.                                                                       Civil Action No. 2:14-cv-7
                                                                                   (Judge Bailey)

**UNITED STATES OF AMERICA,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On January 27, 2014, the *pro se* petitioner, Herman Lewis Billups ("Petitioner"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Southern District of West Virginia. This matter is pending before the undersigned for an initial review and Report and Recommendation.

### II. Facts[1]

On March 15, 2000, a one count indictment was filed against Petitioner in the United States District Court for the Southern District of West Virginia. (Dkt. No. 12). On August 15, 2000, a grand jury returned a seven count second superseding indictment, in which Petitioner was charged under counts one through six. (Dkt. No. 118). Count one charged Petitioner with engaging in a continuous criminal enterprise by knowingly distributing cocaine base in violation of 21 U.S.C. § 841(a)(1), 846, and 848. (Id. at 1-2). Count two charged him with conspiracy to knowingly and intentionally

---

[1] Facts constructed from Petitioner's criminal case number 3:00-cr-59-1 in the United States District Court for the Southern District of West Virginia, which can be found on PACER.

1

distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 846. (Id. at 3). Count three charged Petitioner with knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) on a different date. (Id. at 4). Counts four and five charged Petitioner with being a felon in possession of a firearm that was transported in interstate commerce in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Id. at 5-6). Finally, count six charged Petitioner with selling a firearm to a person he knew was a juvenile in violation of 18 U.S.C. § 922(x) and 924(a)(6)(B)(ii). (Id. at 7).

On September 6, 2000, Petitioner signed a letter plea agreement by which he agreed to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and consented to the filing of a one count information, a copy of which was attached to the letter plea agreement. In addition, Petitioner agreed to plead guilty to Count Two of the indictment, which charged him with a violation of 21 U.S.C. § 846. In addition, Petitioner agreed to plead guilty to a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) as charged in the information. Pursuant to the plea agreement, the maximum penalty to which Petitioner was exposed by virtue of his plea was, among other things, imprisonment for a period of not less than 10 years and up to life. (Dkt. No. 153). On September 6, 2000, a plea hearing was held, and the Court adjudged Petitioner guilty and convicted him of violating 21 U.S.C. § 846 and 18 U.S.C. §§ 922 (g)(1) and 924(a)(2). At a multi-day sentencing hearing conducted on January 9 and 11, 2001, Petitioner was sentenced to life in prison. (Dkt. No. 206).[2] On January 22, 2001, Petitioner appealed the decision and sentencing to the

---

[2] On February 14, 2001, a grand jury in the Southern District of West Virginia returned an indictment against Petitioner charging him with knowingly engaging in conduct and thereby causing injury to the Known Person with intent to retaliate against the Known Person for information relating to the commission and possible commission of a federal offense given by the Known Person to a law enforcement officer. It would appear that indictment stemmed from an incident at the South Central Regional Jail on January 10, 2011, during the pendency of the sentencing proceeding in Criminal No. 3:00-00059-01. A jury subsequently convicted Petitioner

Fourth Circuit Court of Appeals. (Dkt. No. 207). The Fourth Circuit upheld Petitioner's conviction and sentence in an unpublished opinion. (Dkt. No. 239). Further, on May 21, 2003, Petitioner filed a motion under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt. No. 249). Over Petitioner's objections the district court adopted the report and recommendation issued by the Magistrate Judge and denied Petitioner's motion. (Dkt. No. 275). On April 5, 2007, Petitioner appealed the denial of his § 2255 motion. (Dkt. No. 276). The Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal on October 22, 2007. (Dkt. No. 288).

On February 3, 2008, Petitioner submitted a motion for a modification or reduction of his sentence under 18 U.S.C. 3582, which the court granted; resulting in a two level reduction in his offense level and bringing his sentence down from life to 360 months. (Dkt. No. 297). On December 3, 2008, Petitioner filed an amended motion for sentence modification or reduction. (Dkt. No. 309). The further reduction was denied by the district court and upheld by the Fourth Circuit. (Dkt. No. 311 and 314). On June 5, 2012, Petitioner filed a motion to have the new sentencing guidelines retroactively applied to his case to further reduce his sentence. (Dkt. No. 320). This motion for sentence reduction was denied by the district court. (Dkt. No. 321). Petitioner appealed this denial, and the Fourth Circuit affirmed the district court's denial. (Dkt. No. 328). Finally, Petitioner has submitted his habeas corpus petition under 28 U.S.C. §2241 with this court, alleging that he is entitled to relief in light of the decision in Alleyne v. United States, 133 S.Ct. 2151 (2013).

### III. ANALYSIS

---

of retaliating against a witness, in violation of 18 U.S.C. § 1513(b)(2). Petitioner was thereafter sentenced to a term of imprisonment of 112 months to run concurrent with his life sentence. See Criminal Docket for Case #: 3:01-cr-00045-1 (Southern District of West Virginia).

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to

4

challenge the validity of his conviction or sentence under §2241. Based on the language in <u>Jones</u> it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, the petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, relying on <u>Alleyne</u>, he argues that he was not sentenced to life imprisonment based upon a jury verdict, but as the result of the contents of his Pre-Sentence Report.[3]

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." <u>Petty v. O'Brien</u>, No. 1:11cv9, 2012 WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing <u>United States v. Poole</u>, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. <u>Darden v. Stephens</u>, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner does not assert that the conduct for which he was actually convicted is no longer criminal. See <u>In re Jones</u>, 226 F.3d at 334.

Accordingly, relying on the decision in <u>Petty</u>, and the guidance of the Fourth Circuit in <u>Darden</u>, the undersigned concludes that the petitioner's <u>Alleyne</u> argument fails to state cognizable § 2241 claim. See also <u>Little v. Hamidullah</u>, 177 F. App'x 375, 375-76 (4th Cir. 2006): <u>Green v. Hemingway</u>, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s

---

[3] Although the undersigned cannot access the presentence report, a review of other documents available on Pacer, indicates the "probation officer recommended adjustments in Petitioner's offense level for obstruction of justice, possession of a firearm, his role in the offense and the use of a minor to commit the offense. The probation officer also recommended that Petitioner not receive an adjustment for acceptance of responsibility. Furthermore, at sentencing, the United States presented witnesses supporting the recommendations made in the presentence report, and the Court heard arguments from the United States and from counsel for Petitioner with respect to the adjustments as well as the quantity of drugs involved." Criminal Case No. 3:00-cr-00059, Doc.. 272, p. 4.

5

allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

Furthermore, the petitioner's attempt to invoke the holding in Alleyne is misplaced. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury.

6

See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the defendant was convicted by a jury. Conversely, Petitioner signed a plea agreement and thus waived his right to have sentencing determinations made by a jury. Moreover, in signing the plea agreement, Petitioner acknowledged that he faced a maximum sentence of life imprisonment.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C.

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 6-30-2014

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE