# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Elkins

**HERMAN BILLUPS**,

    Petitioner,

v.                                              **Civil Action No. 2:14-CV-7**
                                                           Judge Bailey

**KUMA J. DEBOO, WARDEN**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge Robert W. Trumble [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on June 30, 2014 [Id.], recommending that this Court deny and dismiss with prejudice the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to timely file objections constitutes a waiver of *de novo*

1

review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  Service was accepted on July 3, 2014 [Doc. 9].  The petitioner's objections state that they were sent on July 23, 2014, and the objections were received by this Court on July 24, 2014 [Doc. 11].  Petitioner's objections were not timely filed.  However, in the interests of justice, the Court has conducted a *de novo* review.

On September 6, 2000, the petitioner pleaded guilty to one of multiple counts of a second superseding indictment for conspiring to distribute more than fifty grams of cocaine base, and to an information in which he was charged with being a felon in possession of a firearm.  See **United States v. Billups**, 2007 WL 6943430 (S.D. W.Va. Mar. 30, 2007) dismissed, 251 F. App'x 152 (4th Cir. 2007).  The petitioner was sentenced to life in prison, and his conviction and sentence were upheld by the Fourth Circuit Court of Appeals.  *See Id.*

In 2008, the Southern District of West Virginia reduced the petitioner's offense level by two levels under 18 U.S.C. § 3582, for a guideline sentencing range that was subsequently lowered and made retroactive [3:00-cr59 Doc. 197].  The court reduced the petitioner's sentence from life imprisonment to 360 months.  The Southern District of West Virginia and the Fourth Circuit Court of Appeals denied petitioner's motions for further reduction of his sentence [Id. at Docs. 311, 315; 320; 329].

The petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 with this Court on January 27, 2014 [Doc. 1]. The petitioner states that he is entitled to relief in light of the Supreme Court's holding in ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). The magistrate judge recommends the petition be denied with prejudice on three grounds: 1) that the petitioner's ***Alleyne*** argument fails to state a cognizable claim under 28 U.S.C. § 2241; 2) that even if the petitioner could pursue a claim under § 2241, ***Alleyne*** would not provide relief in the petitioner's case because it is not retroactive; and 3) ***Alleyne*** is not applicable to the petitioner's case because the petitioner signed a plea agreement, thus waiving his right to have sentencing determinations made by a jury [Doc. 8].

The petitioner's objections state that ***Alleyne*** should be given retroactive application and that ***Alleyne*** is applicable to his guilty plea because sentencing factors used in his sentencing were not found by a jury beyond a reasonable doubt [Doc. 8 at 3–6]. He also states that a sentence involving a firearm enhancement and his acceptance of a guilty plea do not bar relief under ***Alleyne***.

The ***Alleyne*** decision provides no relief to the defendant in this case. First, the Fourth Circuit has not made ***Alleyne*** retroactively applicable to cases on collateral review. *See* ***United States v. Stewart***, 540 F. App'x 171 (4th Cir. 2013). Additionally, as discussed in the magistrate judge's R&R, the petitioner's arguments under ***Alleyne*** are not the type that courts have recognized may warrant review under § 2241 [Doc. 8 at 4–6].

Next, even if it were retroactively applicable to cases on collateral review, the Supreme Court in ***Alleyne*** held that any fact that increases the **mandatory minimum**

3

**sentence** for a crime is an element of the crime that must be submitted to the jury and proven beyond a reasonable doubt. *Alleyne*, 133 S. Ct. At 2158 (emphasis added). The petitioner executed a plea agreement, under which he agreed to enter a plea of guilty to 21 U.S.C. § 846, 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) [3:00-cr-59, Doc. 151]. The petitioner's guilty plea serves as an admission of all the elements and material facts alleged in the indictment/information for purposes of applying the appropriate statutory range and for sentencing. *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012) (quoting *United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003)).

For the above reasons, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 8]** should be, and is, hereby **ORDERED ADOPTED**. The petitioner's Objections **[Doc. 10]** are **OVERRULED** and the petitioner's Section 28 U.S.C. 2241 Petition for Relief **[Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter a separate judgment in favor of the United States.

Upon an independent review of the record, this Court hereby **DENIES** the defendant a certificate of appealability, finding that she has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

As a final matter, the petitioner's pending Motion to Appoint Counsel and Motion for Bail **[Doc. 11]** is **DISMISSED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 13, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE